**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY YAZZIE,

Defendant - Appellant.

No. 01-1490
(D.C. No. 00-CR-500-B)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is a direct criminal appeal from Mr. Yazzie's conviction by a jury of one count of vehicular assault and one count of leaving the scene of an accident resulting in serious bodily injury. Mr. Yazzie was sentenced to twenty-seven months' imprisonment, to be followed by a three-year term of supervised release. Mr. Yazzie's sole argument on appeal is that the jury should have been instructed that it must find that he left the accident scene voluntarily. We review for abuse of discretion the district court's refusal to give Mr. Yazzie's proffered instruction; in doing so, we consider the instructions as a whole to determine whether the jury was given a correct statement of the law. *United States v. McPhilomy*, 270 F.3d 1302, 1310 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 1384 (2002). We affirm.

Mr. Yazzie's conviction arises out of a car accident that occurred on the Ute Mountain Indian Reservation. Because the accident occurred in Indian country and alleged a crime perpetrated by an Indian against a non-Indian, jurisdiction properly resided in the United States District Court. *See* 18 U.S.C. § 1152. Leaving the scene of an accident is not punishable by federal statute, so the prosecution is controlled by the substantive law of Colorado. 18 U.S.C. § 13(a).

A highway patrolman arrived on the scene shortly after the accident and found the driver of a Dodge Ram pinned behind the steering wheel of her heavily

damaged vehicle. She told the officer that the other vehicle had "come at her." The other vehicle, a Ford Explorer, was unoccupied.

When a second law-enforcement officer arrived on the scene shortly thereafter, he noticed tracks leading from the area of the Explorer. Mr. Yazzie later admitted having walked away from the accident scene, but contended that he was stunned and confused when he did so and not legally cognizant of his actions.

The statute under which Mr. Yazzie was convicted requires the driver of any vehicle involved in an accident resulting in serious bodily injury to remain at the scene of the accident and provide information and assistance to any injured person. Colo. Rev. Stat. § 42-4-1601, 1603. (Mr. Yazzie does not dispute that the other driver suffered serious bodily injury.) The statute does not specify any requisite mental state for conviction. It has been interpreted as creating a "strict liability" offense requiring only the performance of a voluntary act. *People v. DeHerrera*, 697 P.2d 734, 741 (Colo. 1985) (en banc) (discussing former misdemeanor statute); *see also Lui v. Barnhart*, 987 P.2d 942, 944 (Colo. Ct. App. 1999) (stating that "strict liability criminal offenses require only that proscribed conduct be voluntarily performed").

Without objection, the jury was informed that the elements of the felony offense of leaving the scene of an accident included that the defendant: "[1] being the driver of a vehicle; [2] knowingly; [3] being directly involved in an accident

resulting in serious bodily injury to another person; [4] failed to remain at the scene of said accident and give notice, information and aid as required by law." R. Vol. IV at 474, 518; *cf. DeHerrera*, 697 P.2d at 738 (describing elements as instructed under former misdemeanor statute). The jury was also given the following instruction, again without objection:

> A person acts "knowingly" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such a nature or that such circumstance exists. A person acts "knowingly" with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

R. Vol. IV at 477-78, 519.

Mr. Yazzie asserted, however, that the jury had to find that he acted "voluntarily" as well as "knowingly" in order to convict him. To that end, Mr. Yazzie tendered the following instruction:

> In order for the defendant to be found guilty of the offense charged in count two of the indictment, the prosecution must prove beyond a reasonable doubt that he left the scene or failed to do the other acts specified in the statute voluntarily. A voluntary act is an act performed consciously as a result of effort or determination.

R. Supp. Vol. I at 23. The district court refused to give the proposed instruction, ruling that voluntariness was not a separate element of the felony crime of leaving the scene of an accident, and that the proposed instruction changed the definition of "knowingly."

-4-

We conclude that the district court did not err in rejecting the proposed instruction. Voluntariness is "proved upon a showing of a *minimal* amount of conscious mental activity." *Lui*, 987 P.2d at 944 (emphasis added). In *DeHerrera* the court reviewed a misdemeanor conviction for leaving the scene of an accident. In ruling that the defendant had not been prejudiced by the use of a "knowingly" instruction instead of an instruction defining performance of a voluntary act, the court noted that the culpable mental state required for "knowingly" is an *awareness* of conduct that encompasses the mental state required for performing a voluntary act. 697 P.2d at 741.

Likewise, the "knowingly" instruction given here allowed the jury to find Mr. Yazzie guilty only if it concluded that he was aware of the nature of his conduct and the circumstance of the accident, a standard which requires more than a "minimal amount of conscious mental activity." *Lui*, 987 P.2d at 944. The language of the instruction defining "knowingly" thus "impose[d] upon the prosecution no less a burden than otherwise required for a voluntary act." *DeHerrera,* 697 P.2d at 742.

After reviewing the record and the instructions as a whole, we conclude that the instructions adequately informed the jury of the elements of the felony offense of leaving the scene of an accident, and that the district court did not abuse its discretion in refusing Mr. Yazzie's proposed voluntariness instruction.

The judgment of the United States District Court for the District of

Colorado is AFFIRMED.


Entered for the Court


Harris L Hartz
Circuit Judge